# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REINALDO LOZANO, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: CIV-18-81-D |
| PAN-AMERICAN LIFE INSURANCE COMPANY and WEBTPA, INC., | ) (Formerly Canadian County, OK Case No. CJ-2017-699) |
| Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1441 and 1446, Defendant, Pan-American Life Insurance Company ("PALIC"), hereby removes this action from the District Court of Canadian County, State of Oklahoma ("the State Court") to this Court. The grounds for removal are as follows:

1. Plaintiff commenced this action on November 27, 2017 by filing a Petition against the Defendants in the District Court of Canadian County, State of Oklahoma, Case No. CJ-2017-699, styled *Reinaldo Lozano, Plaintiff, v. Pan-American Life Insurance Company and WebTPA Inc, Defendants* (the "Lawsuit" or the "action").

2. In his Petition, Plaintiff asserts various contract and tort claims under Oklahoma law.

3. Removal to this District is proper under 28 U.S.C. §§116(c), 1441, and 1446.

### Jurisdiction

4. As more fully set forth below, this is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is

between citizens of different States.  Federal jurisdiction therefore exists under 28 U.S.C. §1332.  Removal is proper under the federal removal statutes including 28 U.S.C. §1441, §1446.

### Citizenship

5. Plaintiff's Petition ¶ 1 alleges that he is a resident of El Reno, Oklahoma, which is located in Canadian County, Oklahoma.  Upon information and belief, at all times from the filing of this action through and including the present, Plaintiff is and has been a resident of Canadian County and of the State of Oklahoma.  Plaintiff is not and has not been a resident of the States of Louisiana nor Texas.  Plaintiff is therefore considered a citizen of the State of Oklahoma, and not the States of Louisiana nor Texas, for purposes of diversity jurisdiction under 28 U.S.C. §1332 and the federal removal statutes.

6. At all times from the filing of this action through and including the present, the following is and has been true.  PALIC is and has been a corporation duly organized and existing under the laws of the State of Louisiana, with its principal place of business in the State of Louisiana.  PALIC's headquarters is in New Orleans, Louisiana.  PALIC's high level officers directing, controlling, and coordinating its business activities in the State of Louisiana and in no other State including Oklahoma.  PALIC's "nerve center" is therefore located in Louisiana and in no other State including Oklahoma.  PALIC has not been incorporated under the laws of the State of Oklahoma, it does not have a principal place of business in the State of Oklahoma, and its high level officers do not direct, control, or coordinate its business activities in the State of Oklahoma.  PALIC is therefore considered a

citizen of the State of Louisiana, and not Oklahoma, for purposes of diversity jurisdiction under 28 U.S.C. § 1332(c)(1) and the federal removal statutes. (*See generally* Petition ¶ 2).

7. At all times from the filing of this action through and including the present, the following is and has been true. WebTPA is and has been a corporation duly organized and existing under the laws of the State of Texas, with its principal place of business in the State of Texas. WebTPA's headquarters is in Texas. WebTPA's high level officers directing, controlling, and coordinating its business activities in the State of Texas and in no other State including Oklahoma. WebTPA's "nerve center" is therefore located in Texas and in no other State including Oklahoma. WebTPA has not been incorporated under the laws of the State of Oklahoma, it does not have a principal place of business in the State of Oklahoma, and its high level officers do not direct, control, or coordinate its business activities in the State of Oklahoma. WebTPA is therefore considered a citizen of the State of Texas, and not Oklahoma, for purposes of diversity jurisdiction under 28 U.S.C. §1332(c)(1) and the federal removal statutes. (*See generally* Petition ¶ 3).

## Amount in Controversy

8. As contemplated by 12 Okla. Stat. 2008(A)(2), Plaintiff's Petition demands tort, contractual and punitive damages against both defendants in excess of the amount required for diversity jurisdiction under 28 U.S.C. §1332. (Petition, ¶¶ 23, 31, 41, final).

9. Additionally and separately, Plaintiff's Petition ¶¶ 11, 12, alleges that claims were submitted on Plaintiff's behalf in the amounts of $45,194.25 (¶ 11), and $58,955 (¶12), for a total of $104,149.25 (the explanations of benefits ("EOBs") and other documents described in the Petition are adopted and incorporated herein, but are not attached since

they contain information that is protected by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), 45 CFR Part 160 and Part 164, Subparts A and C, and other state and federal laws and regulations).  The Petition further alleges that Defendants have not paid the claims for the Plaintiff.  Plaintiff is therefore seeking contractual damages against both Defendants in an amount of at least $104,149.25, exclusive of interest and costs.

10. Additionally and separately, as contemplated by 12 Okla. Stat. 2008(A)(2), Plaintiff's Petition ¶ 23, expressly asserts that "As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff has suffered damages in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, with interest, costs, a reasonable attorney fee, and such other relief as may be just and equitable."  Plaintiff is seeking contractual damages against both Defendants in an amount in excess of $75,000, exclusive of interest and costs.

11. Additionally and separately, as contemplated by 12 Okla. Stat. 2008(A)(2), Plaintiff's Petition ¶ 31, expressly asserts that "As a result PALIC's breach of its duty to deal fairly and in good faith, Plaintiff suffered damages in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332, with interest, costs, a reasonable attorney fee, and such other relief as may be just and equitable."  Plaintiff is seeking an unspecified amount of tort damages against PALIC in an amount in excess of $75,000, exclusive of interest and costs.

12. Additionally and separately, as contemplated by 12 Okla. Stat. 2008(A)(2), Plaintiff's Petition ¶ 41, expressly asserts "As a result WebTPA's breach of its duty to deal

fairly and in good faith, Plaintiff suffered damages in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332, with interest, costs, a reasonable attorney fee, and such other relief as may be just and equitable." Plaintiff is seeking an unspecified amount of tort damages against WebTPA in an amount in excess of $75,000, exclusive of interest and costs.

13. Additionally and separately, as contemplated by 12 Okla. Stat. 2008(A)(2), utilizing the language for Category II punitive damages under 23 Okla. Stat. §9.1(C), Plaintiff's Petition ¶¶ 32, 33, alleges an intentional and malicious breach of the duty of good faith and fair dealing by PALIC, and seeks an unspecified amount of punitive damages for the alleged breach. Plaintiff is thus seeking the maximum allowable amount of punitive damages against PALIC of the greatest of Five Hundred Thousand Dollars ($500,000.00), or twice the amount of actual damages (*i.e.*, twice the amount required for diversity jurisdiction under 28 U.S.C. §1332, which is $150,000 or more). Plaintiff is seeking punitive damages against PALIC in an amount in excess of $75,000, exclusive of interest and costs.

14. Additionally and separately, as contemplated by 12 Okla. Stat. 2008(A)(2), utilizing the language for Category II punitive damages under 23 Okla. Stat. §9.1(C), Plaintiff's Petition ¶¶ 42, 43, alleges an intentional and malicious breach of the duty of good faith and fair dealing by WebTPA, and seeks an unspecified amount of punitive damages for the alleged breach. Plaintiff is thus seeking the maximum allowable amount of punitive damages against WebTPA of the greatest of Five Hundred Thousand Dollars ($500,000.00), or twice the amount of actual damages (*i.e.*, twice the amount required for diversity

jurisdiction under 28 U.S.C. §1332, which is $150,000 or more).  Plaintiff is seeking punitive damages against WebTPA in an amount in excess of $75,000, exclusive of interest and costs.

15. Additionally and separately, as contemplated by 12 Okla. Stat. 2008(A)(2), the final paragraph of Plaintiff's Petition, pp. 10-11, expressly asserts "WHEREFORE, Plaintiff Reinaldo Lozano prays for judgment against Defendant Pan-American Life Insurance Company and Defendant WEB-TPA, Inc. for an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332, together with costs, interest, reasonable attorney fees, and other relief which this Court deems just and equitable." Plaintiff is seeking an unspecified amount of tort, contract, and punitive damages against both Defendants in an amount in excess of $75,000, exclusive of interest and costs.

16. The entire matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

### Process, Pleadings, Orders

17. A copy of the Canadian County docket sheet in the Lawsuit, printed from the Oklahoma Supreme Court Network (OSCN), is attached as Exhibit 1, and made a part hereof.

18. A file-stamped copy of Plaintiff's Petition in the Lawsuit, printed from OSCN, is submitted herewith as Exhibit 2, and made a part hereof.

19. As shown in Exhibit 1, the Canadian County court records do not contain returns of service, and do not reflect that summonses have been issued, or that summons, a file-stamped petition, process, pleadings or orders have been served on either of the Defendants.

20.  No process, summons, pleadings, orders, and/or other documents in the Lawsuit have been served on Defendants.

21.  No process, summons, pleadings, orders, and/or other documents in the Lawsuit are submitted with this Notice of Removal since none have been filed, issued, or served on Defendants.

### **Timeliness of Removal**

22.  The Lawsuit was commenced on November 27, 2017, on which date Plaintiff filed his Petition in this action with the State Court.

23.  Under 28 U.S.C. §1146(c)(1), Defendants have one year from November 27, 2017 (the date of the commencement of the Lawsuit) to remove it on the basis of diversity of citizenship.

24.  Since neither Defendant has been served with a summons, or process, their deadline(s) to remove has not been triggered. *See, e.g., Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service").

25.  This notice of removal is therefore timely filed under the provisions of 28 U.S.C. § 1446, and this action is removed under 28 U.S.C. §§ 1441-1448.

### **Unserved Defendant**

26.  Since WebTPA has not been served with a summons or petition, PALIC can remove this action without the joinder or consent of WebTPA. *See* 28 U.S.C. §1446(b)(2).

27. Even if WebTPA has been served with a summons or petition, PALIC can nevertheless independently remove this action under 28 U.S.C. §1446(b)(2).

28. Defendants therefore remove this action from the District Court of Canadian County, Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

*s/Mark D. Spencer*
Mark D. Spencer, OBA #12493
MCAFEE & TAFT
Two Leadership Square, Tenth Floor
211 North Robinson
Oklahoma City, Oklahoma 73102
Telephone: (405) 552-2368
Facsimile: (405) 228-7368
E-mail: mark.spencer@mcafeetaft.com

**COUNSEL FOR DEFENDANT PAN-AMERICAN LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of January, 2018, a true and correct copy of the foregoing was mailed, first class, postage prepaid, to:

> Simone Gosnell Fulmer
> Harrison Lujan
> Jacob L. Rowe
> Andrea R. Rust
> Fulmer Group PLLC
> P.O. Box 2448
> Oklahoma City, Ok 73101

I further certify that a copy of this Notice of Removal will be hand-delivered on this same date for filing with the Clerk of the District Court of Canadian County, State of Oklahoma.

*s/ Mark D. Spencer*
Mark D. Spencer